2019CV01074-10

EFILED
CLAYTON COUNTY, GA
5/29/2019 6:53 PM
Jacquline D. Wills
CLERK SUPERIOR COURT

## IN THE SUPERIOR COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **MYESHE BARNES, Individually** | § | **CIVIL ACTION** |
| **as the Mother of Minor M.O.M.,** | § | **FILE   NO:** |
| **and LENNARD MAJOR,** | § | **2019CV01074-10** |
| **Individually as the Father of Minor** | § | |
| **M.O.M.,** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| **MAXUS PROPERTIES, LLC;** | § | |
| **WATERFORD EXCHANGE** | § | |
| **ACQUISITION, LLC; and KNOX** | § | **JURY TRIAL DEMANDED** |
| **ASSOCIATES, INC., d/b/a The** | § | |
| **Knox Company** | § | |
| | § | |
| **DEFENDANTS.** | § | |

## FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW, MYESHE BARNES, Individually as the Mother of Minor M.O.M.; and

LENNARD BERNARD MAJOR, Individually as the Father of Minor M.O.M., and hereby files

this Complaint for Wrongful Death Damages and Demand for Jury Trial against DEFENDANTS

MAXUS PROPERTY, LLC; WATERFORD EXCHANGE ACQUISITION, LLC; and KNOX

ASSOCIATES, INC. d/b/a The Knox Company  (collectively "Defendants"), and would show this

Honorable Court as follows:

*First Amended Complaint for Wrongful Death*
*Damages and Demand for Jury Trial*

## PARTIES, JURISDICTION, AND VENUE

1.

Plaintiffs' DECEDENT, Minor M.O.M, (hereinafter "Decedent") of Stockbridge, Georgia died on November 7, 2018 at 13 years of age due to the severe injuries he sustained during the early morning hours of November 5, 2018.

2.

Plaintiff MYESHE BARNES of Stockbridge, Georgia is the DECEDENT's mother.

3.

Plaintiff LENNARD MAJOR of Miami, Florida is the DECEDENT's father.

4.

Defendant MAXUS PROPERTIES, LLC (hereinafter "Maxus") is a Missouri corporation transacting business in the State of Georgia and may be served through its registered agent, Robert B. Thomson, at 104 Armour Rd., N. Kansas City, MO 64116.

5.

Defendant WATERFORD EXCHANGE ACQUISITION, LLC (hereinafter "Waterford") is a Georgia corporation and may be served through its registered agent, CT Corporation System, 289 S. Culver St. Lawrenceville, GA 30046.

6.

Defendant KNOX ASSOCIATES, INC., d/b/a The Knox Company (hereinafter "Knox") is an Arizona corporation transacting business in the State of Georgia and may be served through its registered agent, WA Service, LLC at 2555 East Camelback Road Suite 800 Phoenix, AZ 85016.

7.

This Court has general jurisdiction over this matter. *See* O.C.G.A. § 15-6-8.

8.

Venue is proper in Clayton County, Georgia because the injury at issue occurred there and the DECEDENT resided in Clayton County at the time of death. *See* O.C.G.A. § 9-10-03.

## **FACTUAL BACKGROUND**

9.

DECEDENT, Minor M.O.M., was a 13-year-old boy who resided with his mother in Apartment 1201 of the Waterford Place at Mt. Zion Apartments ("Waterford Apartments") located at 3196 Mt. Zion Rd. Stockbridge, GA 30281.

10.

The Waterford Apartments are a gated community owned by DEFENDANT WATERFORD and maintained by DEFENDANT MAXUS. The entrance gates of this apartment community contain emergency key switches, required by fire safety codes, manufactured by DEFENDANT KNOX which override electronic gates and motorized doors to provide first responders rapid access to the premises in emergency situations. Separate key switches are provided for access by the police and the fire department. The emergency key switches open a wide metal gate through which vehicles such as police cars, fire engines, and ambulances may enter the apartment complex.

11.

On the Sunday, November 4, 2018, the DECEDENT went to sleep at approximately 10:00 P.M. as was routine and in anticipation of attending school the next morning.

12.

After a few hours of sleep, the DECEDENT experienced an asthma attack at approximately 3:58 A.M. on November 5, 2018 while present inside Apartment 1201 of the Waterford Apartments, leading his mother to immediately call 911 for emergency assistance.

13.

DECEDENT's mother informed the 911 operator that the DECEDENT was not breathing, and the 911 operator dispatched the Clayton County Police Department and the Clayton County Fire & Emergency Services to the scene for help.

14.

While awaiting the arrival of the first responders on the scene, the 911 operator instructed the DECEDENT's mother to perform mouth-to-mouth resuscitation and provided instructions for such.

15.

Approximately five (5) minutes after the initial 911 call, police officers from the Clayton County Police Department were the first to arrive at the scene and gained access to the Waterford Apartments by the use of the emergency key switch located at the entrance gate of the apartment complex. Upon information and belief, the police officers used the key switch specific to the police department.

16.

Once inside the Waterford Apartments, the police officers encountered difficulty in locating the DECEDENT's apartment due to insufficient way-finding signs inside the apartment complex and missing unit numbers on several apartment doors.

17.

Police officers searched for the DECEDENT's apartment for more than four (4) minutes as the DECEDENT lay on the carpeted floor of the living room unable to breathe on his own and his mother frantically performing mouth-to-mouth resuscitation on him.

18.

Upon finally locating the DECEDENT's apartment, police officers ran out of their patrol units to the DECEDENT and immediately began performing cardiopulmonary resuscitation ("CPR").

19.

As the police officers performed CPR upon the DECEDENT, crews from the Clayton County Fire & Emergency Services arrived at the entrance gate of the Waterford Apartments but could not enter the apartment complex.

20.

Despite numerous attempts by emergency crews to open the entrance gate, a malfunction of the emergency key switch prevented the entrance gate from opening, causing a fire engine and ambulance from the Clayton County Fire & Emergency Services to be stranded at the entrance gate of the Waterford Apartments.

21.

As crews from the Clayton County Fire & Emergency Services stood stranded at the entrance gate, the DECEDENT remained unable to breathe on his own and in desperate need of medical help.

22.

After being stranded at the entrance gate for several minutes, crews from the Clayton County Fire & Emergency Services encountered a civilian vehicle exiting the Waterford Apartments. Persons inside the civilian vehicle used a resident access code to open the designated resident gate to allow emergency crews to enter the apartment complex.

23.

The resident gate at the Waterford Apartments is narrower than the wide, emergency gate and could only allow the passage of the ambulance; the fire engine could not fit through the resident gate and remained stranded at the entrance gate.

24.

Upon finally gaining access to the apartment complex, an ambulance from the Clayton County Fire & Emergency Services rushed to the DECEDENT and found him to be pulseless and apneic.

25.

Police officers of the Clayton County Police Department hurriedly carried the DECEDENT to the ambulance and placed him supine on the stretcher.

26.

The ambulance transported the DECEDENT to the nearest hospital – Piedmont Henry Hospital in Stockbridge, Georgia located approximately six (6) miles away from the Waterford Apartments – with emergency lights on and sirens blaring.

27.

The DECEDENT was later transferred to the Children's Healthcare of Atlanta – Egleston

Hospital and died on November 7, 2018.  The DECEDENT's cause of death was found to be brain

death, respiratory arrest, and severe asthma.  The delay in medical aid on the night of the incident

was devastating for the DECEDENT and caused is death.

28.

The Clayton County Fire Marshall inspected the entrance gate of the Waterford Apartment

at approximately 3:15 P.M. on November 5, 2018.  The Fire Marshal determined that the

emergency key switch located at the entrance gate was inoperable and determined this

inoperability to be a violation of the Clayton County Fire Code.

## NEGLIGENCE AGAINST DEFENDANTS WATERFORD AND MAXUS

29.

Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

30.

Defendants WATERFORD and MAXUS owed their invitees and tenants a duty exercise

ordinary care to keep the premises safe and a duty to keep the premises in a state of good repair.

*See* O.C.G.A. §§ 44-7-14 and 51-3-1.

31.

DEFENDANTS WATERFORD and MAXUS were negligent in one or more of the

following manners:

      a.  Failed to keep the premises and approaches safe;

      b.  Failed to adequately inspect the premises;

      c.  Failed to adequately inspect the emergency key switch;

2019CV01074-10

EFILED
CLAYTON COUNTY, GA
5/29/2019 6:53 PM
Jacquline D. Wills
CLERK SUPERIOR COURT

## IN THE SUPERIOR COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **MYESHE BARNES, Individually** | § | **CIVIL ACTION** |
| **as the Mother of Minor M.O.M.,** | § | **FILE   NO:** |
| **and LENNARD MAJOR,** | § | **2019CV01074-10** |
| **Individually as the Father of Minor** | § | |
| **M.O.M.,** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| **MAXUS PROPERTIES, LLC;** | § | |
| **WATERFORD EXCHANGE** | § | |
| **ACQUISITION, LLC; and KNOX** | § | **JURY TRIAL DEMANDED** |
| **ASSOCIATES, INC., d/b/a The** | § | |
| **Knox Company** | § | |
| | § | |
| **DEFENDANTS.** | § | |

## FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH DAMAGES
## AND DEMAND FOR JURY TRIAL

COMES NOW, MYESHE BARNES, Individually as the Mother of Minor M.O.M.; and

LENNARD BERNARD MAJOR, Individually as the Father of Minor M.O.M., and hereby files

this Complaint for Wrongful Death Damages and Demand for Jury Trial against DEFENDANTS

MAXUS PROPERTY, LLC; WATERFORD EXCHANGE ACQUISITION, LLC; and KNOX

ASSOCIATES, INC. d/b/a The Knox Company  (collectively "Defendants"), and would show this

Honorable Court as follows:

KJ

27.

The DECEDENT was later transferred to the Children's Healthcare of Atlanta – Egleston Hospital and died on November 7, 2018. The DECEDENT's cause of death was found to be brain death, respiratory arrest, and severe asthma. The delay in medical aid on the night of the incident was devastating for the DECEDENT and caused is death.

28.

The Clayton County Fire Marshall inspected the entrance gate of the Waterford Apartment at approximately 3:15 P.M. on November 5, 2018. The Fire Marshal determined that the emergency key switch located at the entrance gate was inoperable and determined this inoperability to be a violation of the Clayton County Fire Code.

## NEGLIGENCE AGAINST DEFENDANTS WATERFORD AND MAXUS

29.

Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

30.

Defendants WATERFORD and MAXUS owed their invitees and tenants a duty exercise ordinary care to keep the premises safe and a duty to keep the premises in a state of good repair. *See* O.C.G.A. §§ 44-7-14 and 51-3-1.

31.

DEFENDANTS WATERFORD and MAXUS were negligent in one or more of the following manners:

    a.  Failed to keep the premises and approaches safe;

    b.  Failed to adequately inspect the premises;

    c.  Failed to adequately inspect the emergency key switch;

d. Failed to adequately inspect the entrance gate;

e. Failed to warn invitees and tenants, including DECEDENT, of the inoperable and/or malfunctioning emergency key switch;

f. Failed to provide adequate protect invitees and tenants, including DECEDENT, from the inoperable and/or malfunctioning emergency key switch;

g. Failed to warn invitees and tenants, including DECEDENT, of the inoperable and/or malfunctioning entrance gate;

h. Failed to provide adequate protect invitees and tenants, including DECEDENT, from the inoperable and/or malfunctioning entrance gate;

i. Failed to properly install the emergency key switch;

j. Failed to keep the emergency key switch in a state of good repair;

k. Failed to properly install the entrance gate;

l. Failed to properly keep the entrance gate in a state of good repair;

m. Failed to exercise reasonable care for the safety of the DECEDENT;

n. Failed to establish, create, promulgate, implement, enact, enforce, and/or facilitate proper procedures for preventing malfunctioning and/or inoperability of the emergency key switch;

o. Failed to establish, create, promulgate, implement, enact, enforce, and/or facilitate proper procedures for preventing malfunctioning and/or inoperability of the entrance gate;

p. Failed to establish, create, promulgate, implement, enact, enforce, and/or facilitate proper procedures for invitees' and tenants' safety;

*First Amended Complaint for Wrongful Death*
*Damages and Demand for Jury Trial*

**PAGE 8 OF 14**

q. Failed to ensure the design and/or construction of the entrance gate complied with all applicable fire safety requirements, laws, codes, and/or regulations;

r. Failed to ensure that the apartment complex's design and/or construction was in compliance with all applicable fire safety and/or fire resistance rating requirements, laws, codes, and/or regulations

s. Failed to install adequate way finding signs;

t. Failed to install adequate unit numbers on apartment doors; and

u. Other specifications of negligence to be proven at trial.

32.

Each of the foregoing acts and omissions, singularly or in combination with others, including factors yet to be discovered, constituted negligence which proximately resulted in severe injuries to and the death of the DECEDENT.

## **NEGLIGENCE PER SE AGAINST DEFENDANTS WATERFORD AND MAXUS**

33.

Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

34.

The Waterford Apartments presented a special hazard to persons and/or property pursuant to O.C.G.A. § 25-2-13(b).

35.

Defendants WATERFORD and MAXUS failed to comply with applicable fire safety requirements, laws, codes, and/or regulations in the following manners:

a. Failed to comply with NFPA 18.2.2.2 (access to gated subdivisions).

*First Amended Complaint for Wrongful Death*
*Damages and Demand for Jury Trial*

**PAGE 9 OF 14**

36.

As a direct and proximate result of the aforementioned acts and omissions, DECEDENT suffered severe injuries and the resultant death.

## GROSS NEGLIGENCE AGAINST DEFENDANTS WATERFORD AND MAXUS

37.

Plaintiffs incorporate the preceding paragraphs, as if fully set forth herein.

38.

At the time of the incident, Defendants WATERFORD and MAXUS engaged in willful and wanton conduct in the following respects:

a. Failed to discover the inoperable and/or malfunctioning emergency key switch through recklessness or carelessness when it could have been discovered by the exercise of ordinary care;

b. Failed to discover the inoperable and/or malfunctioning entrance gate through recklessness or carelessness when it could have been discovered by the exercise of ordinary care;

c. Failed to install adequate way finding signs for first responders, thereby exhibiting a reckless disregard for the safety of others; and

d. Other specifications of willful and wanton misconduct to be proven at trial.

39.

As a direct and proximate result of the aforementioned acts and omissions, DECEDENT suffered severe injuries and the resultant death.

## NEGLIGENCE AGAINST DEFENDANT KNOX

40.

Plaintiffs incorporate the preceding paragraphs, as if fully set forth herein.

41.

With regard to the emergency key switch installed at the entrance gate of the Waterford Apartments, Defendant KNOX was negligent in one or more of the following respects.

a. Selling and manufacturing an emergency key switch it knew, or should have known was defective and in failing to warn consumers of the product's propensity to fail;

b. Failing to properly test the emergency key switch at the time of sale and installation to determine that it was in proper working condition;

c. Designing, manufacturing, marketing, distributing, and/or selling the emergency key switch when it knew or should have known that the product and/or its component parts would be inadequate for the reasons for which it was purchased; and

d. Selection of deficient materials subject to premature degradation.

42.

As a direct and proximate result of the aforementioned acts and omissions, DECEDENT suffered severe injuries and the resultant death.

## STRICT LIABILITY AGAINST DEFENDANT KNOX

43.

Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

44.

Defendant KNOX is engaged in the business of selling and/or manufacturing emergency key switches, boxes, and other products which provide first responders rapid access to buildings, residences, commercial properties, and campuses in emergency situations by removing barriers to entry.

45.

At the time of the events described in paragraphs 9-28, the emergency key switch at the Waterford Apartments was in the same general condition, excepting normal and anticipated wear and tear, as it was at the time it was delivered to its original owner. The components were inaccessible to the end user and there is no evidence that any componentry was replaced or serviced prior to the incident at issue.

46.

At the time Defendant KNOX designed and manufactured the emergency key switch, the key switch was in a defective and unreasonably dangerous condition when put to its ordinary and anticipated used. The subject key switch was not merchantable or reasonably suited for the use intended, and its condition when sold is the proximate cause of the DECEDENT's injuries and death. As a result, Defendant KNOX is strictly liable in tort pursuant to O.C.G.A. § 51-1-11.

47.

As a direct and proximate result of the aforementioned acts and omissions, DECEDENT suffered severe injuries and the resultant death.

## **DAMAGES**

48.

Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

49.

Defendants' acts and omissions proximately cause the severe injuries to the DECEDENT

which resulted in his death on November 7, 2018.

50.

Considering the foregoing, Plaintiffs brings this action against Defendants for the

wrongful death of the DECEDENT and seeks damages pursuant to O.C.G.A. § 51-4-4.

## **JURY DEMAND**

51.

Plaintiff incorporate the preceding paragraphs as if fully set forth herein.

52.

Plaintiffs demand that all issues of fact in this case be tried to a properly impaneled

jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for the following relief:

a. Pursuant to Georgia law, Plaintiffs request summons of process be issued and that
   all Defendants be served;

b. Pursuant to Georgia law, Plaintiffs request recovery of all damages for all losses
   compensable as previously set forth;

c. All economic and non-economic losses, as may be shown at the hearing of this
   matter, to the full extent allowed to be received;

d. All expenses of litigation including attorney's fees;

e. Court costs, discretionary costs, prejudgment interest, and any other amount that is
   proper; and

    f.   That this Court enter such other and further relief it deems just and proper.

Respectfully submitted this 15th day of May 2019.

**RESPECTFULLY SUBMITTED,**

*/s/ Robert Daniel*
Robert Daniel
The Law Offices of Robert Daniel LLC
GA Bar No. 204404
robdaniel@robertdaniellaw.com
229 Peachtree Street NE, Ste. 1008
Atlanta, Georgia 30303
Phone: (404) 522-2151
Fax: (404) 522-2101

**KELLEY LAW FIRM, P.C.**

*/s/Sikandar Mehr*
Sikandar Mehr (Pro Hac Vice Pending)
TX State Bar No. 24094840
Mehr@kelleyfirm.com
201 North Harwood Street
Dallas, TX 75201
Telephone: (972) 850-0500
Facsimile: (972) 850-0400

**ATTORNEYS FOR PLAINTIFFS**

d. Failed to adequately inspect the entrance gate;

e. Failed to warn invitees and tenants, including DECEDENT, of the inoperable and/or malfunctioning emergency key switch;

f. Failed to provide adequate protect invitees and tenants, including DECEDENT, from the inoperable and/or malfunctioning emergency key switch;

g. Failed to warn invitees and tenants, including DECEDENT, of the inoperable and/or malfunctioning entrance gate;

h. Failed to provide adequate protect invitees and tenants, including DECEDENT, from the inoperable and/or malfunctioning entrance gate;

i. Failed to properly install the emergency key switch;

j. Failed to keep the emergency key switch in a state of good repair;

k. Failed to properly install the entrance gate;

l. Failed to properly keep the entrance gate in a state of good repair;

m. Failed to exercise reasonable care for the safety of the DECEDENT;

n. Failed to establish, create, promulgate, implement, enact, enforce, and/or facilitate proper procedures for preventing malfunctioning and/or inoperability of the emergency key switch;

o. Failed to establish, create, promulgate, implement, enact, enforce, and/or facilitate proper procedures for preventing malfunctioning and/or inoperability of the entrance gate;

p. Failed to establish, create, promulgate, implement, enact, enforce, and/or facilitate proper procedures for invitees' and tenants' safety;

*First Amended Complaint for Wrongful Death*
*Damages and Demand for Jury Trial*

PAGE **8** OF **14**

q. Failed to ensure the design and/or construction of the entrance gate complied with all applicable fire safety requirements, laws, codes, and/or regulations;

r. Failed to ensure that the apartment complex's design and/or construction was in compliance with all applicable fire safety and/or fire resistance rating requirements, laws, codes, and/or regulations

s. Failed to install adequate way finding signs;

t. Failed to install adequate unit numbers on apartment doors; and

u. Other specifications of negligence to be proven at trial.

32.

Each of the foregoing acts and omissions, singularly or in combination with others, including factors yet to be discovered, constituted negligence which proximately resulted in severe injuries to and the death of the DECEDENT.

## NEGLIGENCE PER SE AGAINST DEFENDANTS WATERFORD AND MAXUS

33.

Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

34.

The Waterford Apartments presented a special hazard to persons and/or property pursuant to O.C.G.A. § 25-2-13(b).

35.

Defendants WATERFORD and MAXUS failed to comply with applicable fire safety requirements, laws, codes, and/or regulations in the following manners:

a. Failed to comply with NFPA 18.2.2.2 (access to gated subdivisions).

*First Amended Complaint for Wrongful Death*
*Damages and Demand for Jury Trial*

**PAGE 9 OF 14**

36.

As a direct and proximate result of the aforementioned acts and omissions, DECEDENT suffered severe injuries and the resultant death.

## GROSS NEGLIGENCE AGAINST DEFENDANTS WATERFORD AND MAXUS

37.

Plaintiffs incorporate the preceding paragraphs, as if fully set forth herein.

38.

At the time of the incident, Defendants WATERFORD and MAXUS engaged in willful and wanton conduct in the following respects:

a. Failed to discover the inoperable and/or malfunctioning emergency key switch through recklessness or carelessness when it could have been discovered by the exercise of ordinary care;

b. Failed to discover the inoperable and/or malfunctioning entrance gate through recklessness or carelessness when it could have been discovered by the exercise of ordinary care;

c. Failed to install adequate way finding signs for first responders, thereby exhibiting a reckless disregard for the safety of others; and

d. Other specifications of willful and wanton misconduct to be proven at trial.

39.

As a direct and proximate result of the aforementioned acts and omissions, DECEDENT suffered severe injuries and the resultant death.

## NEGLIGENCE AGAINST DEFENDANT KNOX

40.

Plaintiffs incorporate the preceding paragraphs, as if fully set forth herein.

41.

With regard to the emergency key switch installed at the entrance gate of the Waterford Apartments, Defendant KNOX was negligent in one or more of the following respects.

  a. Selling and manufacturing an emergency key switch it knew, or should have known was defective and in failing to warn consumers of the product's propensity to fail;

  b. Failing to properly test the emergency key switch at the time of sale and installation to determine that it was in proper working condition;

  c. Designing, manufacturing, marketing, distributing, and/or selling the emergency key switch when it knew or should have known that the product and/or its component parts would be inadequate for the reasons for which it was purchased; and

  d. Selection of deficient materials subject to premature degradation.

42.

As a direct and proximate result of the aforementioned acts and omissions, DECEDENT suffered severe injuries and the resultant death.

## STRICT LIABILITY AGAINST DEFENDANT KNOX

43.

Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

44.

Defendant KNOX is engaged in the business of selling and/or manufacturing emergency key switches, boxes, and other products which provide first responders rapid access to buildings, residences, commercial properties, and campuses in emergency situations by removing barriers to entry.

45.

At the time of the events described in paragraphs 9-28, the emergency key switch at the Waterford Apartments was in the same general condition, excepting normal and anticipated wear and tear, as it was at the time it was delivered to its original owner. The components were inaccessible to the end user and there is no evidence that any componentry was replaced or serviced prior to the incident at issue.

46.

At the time Defendant KNOX designed and manufactured the emergency key switch, the key switch was in a defective and unreasonably dangerous condition when put to its ordinary and anticipated used. The subject key switch was not merchantable or reasonably suited for the use intended, and its condition when sold is the proximate cause of the DECEDENT's injuries and death. As a result, Defendant KNOX is strictly liable in tort pursuant to O.C.G.A. § 51-1-11.

47.

As a direct and proximate result of the aforementioned acts and omissions, DECEDENT suffered severe injuries and the resultant death.

## **DAMAGES**

48.

Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

49.

Defendants' acts and omissions proximately cause the severe injuries to the DECEDENT which resulted in his death on November 7, 2018.

50.

Considering the foregoing, Plaintiffs brings this action against Defendants for the wrongful death of the DECEDENT and seeks damages pursuant to O.C.G.A. § 51-4-4.

## JURY DEMAND

51.

Plaintiff incorporate the preceding paragraphs as if fully set forth herein.

52.

Plaintiffs demand that all issues of fact in this case be tried to a properly impaneled jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

a. Pursuant to Georgia law, Plaintiffs request summons of process be issued and that all Defendants be served;

b. Pursuant to Georgia law, Plaintiffs request recovery of all damages for all losses compensable as previously set forth;

c. All economic and non-economic losses, as may be shown at the hearing of this matter, to the full extent allowed to be received;

d. All expenses of litigation including attorney's fees;

e. Court costs, discretionary costs, prejudgment interest, and any other amount that is proper; and

    f.   That this Court enter such other and further relief it deems just and proper.

Respectfully submitted this 15th day of May 2019.

**RESPECTFULLY SUBMITTED,**

*/s/ Robert Daniel*
Robert Daniel
The Law Offices of Robert Daniel LLC
GA Bar No. 204404
robdaniel@robertdaniellaw.com
229 Peachtree Street NE, Ste. 1008
Atlanta, Georgia 30303
Phone: (404) 522-2151
Fax: (404) 522-2101

**KELLEY LAW FIRM, P.C.**

*/s/Sikandar Mehr*
Sikandar Mehr (Pro Hac Vice Pending)
TX State Bar No. 24094840
Mehr@kelleyfirm.com
201 North Harwood Street
Dallas, TX 75201
Telephone: (972) 850-0500
Facsimile: (972) 850-0400

**ATTORNEYS FOR PLAINTIFFS**